IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

In Re:

DERWIN OSBORNE
SHARON OSBORNE,
Debtors.

In Proceedings Under Chapter 13

Case No.: 05-27728

CHIEF JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

Before the Court is the Trustee's Motion to Modify Debtor's Confirmed Plan. The Debtors oppose the Motion. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L). After considering the parties' respective briefs and conducting a hearing, the Court rules as follows:

*

The Debtors filed a Chapter 13 petition on October 6, 2005. The Court confirmed Debtors' plan on February 21, 2006. The bar date to file proofs of claim was February 28, 2006. The plan calls for monthly payments to the Trustee in the amount of $349.70 for 36 months. As confirmed, the Debtors' plan will yield a two-percent dividend to unsecured creditors. Debtors payments have not yet been completed.

The Trustee requests an order modifying the Debtors' confirmed plan only to increase the dividend to unsecured creditors to 100%. The request is made because, based on the number of unsecured claims actually filed, the Debtors' plan will conclude in only 13 months unless the

dividend is increased. The Debtors' Plan, as originally confirmed, was to run for 36 months. The Trustee seeks nothing more than to require the Debtors to pay the amount they agreed to pay for the length of time they agreed to at the time of confirmation: $349.70 monthly for 36 months. The Trustee's proposed modification would result in a 100% dividend to those unsecured creditors who actually filed proofs of claim. The Trustee argues that the modification is necessary in order to comply with 11 U.S.C. § 1325(b)(1)(B).

The Debtors argue that the Trustee's request to modify is governed by 11 U.S.C. § 1329 not 11 U.S.C. § 1325(b)(1)(B). The Debtors further argue that the Trustee has not met his burden of proof on feasibility as required by § 1329 because Debtors' schedules are outdated. The Debtors claim that the Trustee must prove, with new evidence, that the Debtors are able to afford the monthly plan payment of $349.70. Debtors have not filed any amendments to their schedules or otherwise claimed that they have had an increase in expenses or a decrease in income.

\*\*

The Debtors are correct that post-confirmation modifications are governed by 11 U.S.C. § 1329. That section states, in pertinent part, that:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

11 U.S.C. § 1329(a)(1).

Herein, the Trustee seeks to increase the dividend to unsecured claims from two-percent

to 100%, a modification contemplated under § 1329. The Trustee bears the burden of proof on his request to modify Debtors' confirmed plan. *Max Recovery, Inc. v. Than* (In re Than), 215 B.R. 430, 434 (BAP 9th Cir. 1997).

\*\*\*

Debtors' argument that the Trustee has not met his burden of proof on the feasibility of the proposed modification because he relies on the Debtors' schedules is not well premised. Debtors rely heavily on *In re Tagliarini*, Case No. 02-19446, (Bankr.N.D. Ohio 2006) for their argument that the Trustee cannot rely on "stale" schedules when proposing a plan modification. However, in *Tagliarini*, the debtor specifically alleged a change in circumstances that would not allow him to continue making his original plan payment. The court therefore found that "[w]hen the debtor contested feasibility *by identifying two changes in circumstances*, the trustee could not rely on two-year-old schedules and a payment history to prove that the debtor is able to continue making payments." (emphasis added).

Herein, Debtors have made no allegation of any change in circumstances that would make it unfeasible for them to continue making the same plan payment for the same length of time as originally contemplated in their confirmed plan. Nor have Debtors filed any amendments to their schedules that reflect a change in income or increase in expenses that would prohibit them from continuing to make a monthly payment of $349.70 for 36 months as they originally committed to when their plan was confirmed. The Court and the trustee should be able to rely upon the Debtors' petition and schedules as originally filed, unless such have been amended by the Debtors to reflect differently. Herein, these co-debtors sought Chapter 13 relief as early as October 6, 2005, and the Court's record does not show any amendments to their petition

3

schedules having been made.

Accordingly, the Trustee's Motion to Modify Confirmed Plan is granted. The Debtors' objection is overruled.

IT IS SO ORDERED.

Dated, this 5th day of
February 2007

/s/ Randolph Baxter
JUDGE RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT